NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3699
_____

NEAL HAMMILL;
AMY JO HAMMILL,
On behalf of Themselves and
All Others Similarly Situated,
                                        Appellants

v.

BANK OF AMERICA, N.A.

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1-12-cv-00117)
District Judge: Honorable Joy Flowers Conti
_____

Submitted Under Third Circuit LAR 34.1(a)
June 12, 2014

Before: AMBRO and BARRY, <u>Circuit Judges</u>
and RESTANI,[*] <u>Judge</u>

(Filed : June 17, 2014)

_____

OPINION
_____

---

[*] Honorable Jane A. Restani, Judge, United States Court of International Trade, sitting by designation.

AMBRO, Circuit Judge

Neal and Amy Jo Hammill appeal from the District Court's dismissal of their class action lawsuit against Bank of America, N.A., for violations of Pennsylvania's Loan Interest and Protection Law, 41 Pa. Cons. Stat. § 101 *et seq.* ("Act 6"), and for tortious interference. For the reasons that follow, we affirm.[1]

## I.    Background

The Hammills owned a home in North East, Pennsylvania. Bank of America was the servicer on their mortgage. When the Hammills defaulted on their mortgage, Bank of America sent them a pre-foreclosure notice. The notice advised the Hammills that they could cure their default and avoid foreclosure by mailing to a law firm in Philadelphia the overdue amount (about $12,500) by cashier's check, certified check, or money order. When the Hammills failed to cure the default, Bank of America filed a foreclosure action in state court in Pennsylvania. Within seven months of filing the foreclosure action, Bank of America voluntarily dismissed the action without prejudice.

Soon after the dismissal, the Hammills filed this putative class action lawsuit. They alleged that Bank of America violated Act 6 and tortiously interfered with their mortgage contract by failing to notify them that they could cure their default by cash payment.[2] According to the Hammills, before filing a foreclosure action, §§ 403 and 404(b)(1) of Act 6 require lenders to issue a "Notice of Intention to Foreclose" that

---

[1] The District Court had subject matter jurisdiction under 28 U.S.C. § 1332. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

[2] The Hammills also alleged violations of the Pennsylvania Housing Finance Agency Law, 35 Pa. Cons. Stat. § 1680.403c, but do not appeal dismissal of that claim. They similarly do not appeal the dismissal of their claims for declaratory and injunctive relief.

explains to borrowers that they may cure default by tendering all amounts due "in the form of *cash*, cashier's check or certified check." 41 Pa. Cons. Stat. § 404(b)(1) (emphasis added). Because Bank of America failed to notify buyers that they could cure default by a cash payment, its foreclosure action was allegedly prohibited by Act 6. Of significance to this appeal, the Hammills did not allege they could have cured their default by making a cash payment. The only damages claimed by them were the attorneys' fees and costs they incurred in defending the "illegal" foreclosure action in state court.

The District Court granted Bank of America's motion to dismiss the complaint with prejudice. It held that the Hammills' Act 6 claim failed because they did not plead legally cognizable damages under the Act. The District Court also noted, when determining whether to grant the Hammills leave to amend their complaint, that they "failed to allege that there was a causal connection between the purported defect in [Bank of America's] pre-foreclosure notice and their payment of attorney's fees to defend against the foreclosure action." *Hammill v. Bank of America, N.A.*, 2013 WL 4648317, at *6 (W.D. Pa. Aug. 29, 2013). The Hammills timely filed this appeal.

## II.     Standard of Review

"Our review of a motion to dismiss is plenary." *Nuveen Mun. Trust ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C.*, 692 F.3d 283, 293 (3d Cir. 2012). "We 'accept as true all well-pled factual allegations in the complaint and all reasonable inferences that can be drawn from them, and we affirm the order of dismissal only if the pleading does not plausibly suggest an entitlement to relief.'" *Id*. (quoting

3

*Fellner v. Tri–Union Seafoods, L.L.C.*, 539 F.3d 237, 242 (3d Cir. 2008)).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  Factual allegations need only "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, though we "are not bound to accept as true a legal conclusion couched as a factual allegation."  *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  "[W]e can affirm on any basis appearing in the record."  *Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc.*, 450 F.3d 130, 133 (3d Cir. 2006).

## III.    Analysis

On appeal, the opening brief of the Hammills focuses exclusively on challenging the District Court's conclusion that they failed to plead damages.  While we make no determination as to the correctness of that conclusion by the Court, we affirm for the independent reason that the Hammills failed to allege there was a causal connection between Bank of America's failure to disclose that they could cure their default by cash payment and any injury or damages they suffered.

Section 504 of Act 6 provides that "[a]ny person affected by a violation of the act shall have the substantive right to bring an action . . . for damages by reason of such . . . violation . . ."  41 Pa. Cons. Stat. § 504.   Under its plain language, the Hammills may only bring suit if Bank of America's violation of the Act actually caused some injury.  *Cf. In re Smith*, 866 F.2d 576 (3d Cir. 1989) (finding a private right of action where lender sent notice of foreclosure to incorrect address in violation of Act 6 and the

4

borrower, on learning of the foreclosure action, immediately attempted to cure the default). In their complaint, the Hammills allege no connection between Bank of America's violation of Act 6 and their damages. Specifically, they do not allege that, had they been informed that they could cure their default by a cash payment, they would have done so, thereby preventing a foreclosure action and the associated attorneys' fees.

Given the Hammills' failure to plead a sufficient causal connection, their Act 6 claim was properly dismissed. Their tortious interference claim (based on Bank of America's sending an "illegal" pre-foreclosure notice in violation of the Hammills' contract with the holder of their mortgage) similarly fails to allege that the technical defect in the pre-foreclosure notice was causally related to the Hammills' alleged damages in any way.

For these reasons, we affirm.